## UNITED STATES v. MAYFAIR MEAT PACKING CORPORATION et al.

### No. 108, Docket 20379.

Circuit Court of Appeals, Second Circuit.

Jan. 11, 1947.

Jack Kranis, of New York City (Morris Fierson, of New York City, of counsel), for appellants.

John F. X. McGohey, U. S. Atty., of New York City (Bruno Schachner and William M. Regan, Asst. U. S. Attys., both of New York City, of counsel), for appellee.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

CHASE, Circuit Judge.

An information in nineteen counts was filed against the appellants in the District Court for the Southern District of New York charging violations of the Emergency Price Control Act of 1942, Title 50 App. § 901 et seq., U.S.C.A., and the regulations promulgated thereunder by the Price Administrator and more particularly of violations of Revised Maximum Price Regulation No. 169, as amended, which established maximum wholesale prices for meat. A motion to change the venue having been denied, they pleaded not guilty and moved for a stay and for leave to file a complaint,

pursuant to § 204(e) (1) of the above statute, in the Emergency Court of Appeals to test the validity of the above regulation. The motion was denied by a judge assigned temporarily to sit in the Southern District. Thereafter the appellants pleaded guilty to all counts in the information. Following that, they were sentenced by another temporarily assigned judge. They then moved in arrest of judgment. That motion was denied by the first judge and this appeal is from the final judgment.

The decisive issue is whether the denial of the appellants' motion for a stay and for leave to file a complaint in the Emergency Court of Appeals is error. Before we get to that, however, it is necessary to notice an objection to our jurisdiction made by the appellees on the ground that this order is not final. See, United States v. Horns, 3 Cir., 147 F.2d 57.

■ Section 204(e) (1) of the Act allows a defendant in any criminal proceeding thirty days after arraignment, or within that time as extended by the court for cause, to move for leave to file a complaint in the Emergency Court of Appeals to test the validity of any regulation or order issued under § 2 of any price schedule effective under § 206 of the Act under which he is being prosecuted; and the defendant in either a civil or criminal proceeding, brought pursuant to § 205 of the Act or of § 37 of the Criminal Code, has five days after judgment within which to make the same motion. Because of this section the appellee argues that the motion which was interlocutory when denied did not become appealable as a part of the final judgment when the latter was entered since it could have been renewed within five days after the entry of judgment. It is said that the point is one of substance since, unless the appellee is right, it would be possible for an accused both to appeal after judgment and to move for leave to file a complaint in the Emergency Court of Appeals. We need not now decide whether the judgment in this case became final for purposes of appeal when it was entered or not until five days thereafter when the time expired within which a motion for leave to file a complaint in the Emergency Court of Appeals could have been made. In either event it had become final when this appeal was taken. The denial of the motion for leave was therefore merged in the final judgment and is now reviewable. Dowling Bros. Distilling Co. v. United States, 6 Cir., 153 F.2d 353.

The relief sought and denied could not be obtained as of right. They could of right only file a protest under § 203(a) of the Act before proceedings were commenced against them. When they did act, their former absolute right had been limited by events which made it conditional upon their establishing both that they made their motion for leave to file in good faith and that they had a reasonable and substantial excuse for their failure to test the validity of the regulation previously. Failure to carry this burden in either respect left them without the benefit of this special statutory defense.

The judge denied the motion without opinion and we are left to gather from remarks the record shows he made while it was being argued that the denial was solely on the ground that the Emergency Court of Appeals had already held the regulation valid. What he said when denying the motion in arrest of judgment rather confirms this and we are informed by a letter in the record which the judge later wrote to appellants' attorney as follows, "In answer to your inquiry, I take pleasure in advising you that the reason for my denial of the defendants' motion for a stay of proceedings and for leave to file a complaint in the Emergency Court of Appeals, was that the validity of the regulation in question had been upheld by that Court in several previous cases and that, therefore, the application seemed to me to be lacking in merit. While the question as to whether there was a reasonable and substantial excuse for the failure of the defendants to present their objections through administrative channels was discussed, this point did not form any part of the basis for my final conclusion."

In this way we have been able to glean from portions of the record the fact that the motion was denied without passing upon the question of whether the failure to pro-

ceed under § 203(a) was shown to be excusable. If it had more plainly appeared that the judge actually decided the question of the appellants' good faith, or their lack of it, much of the difficulty in disposing of this appeal might have been avoided.

What has troubled us is whether such information as the record discloses concerning the basis of the decision below is enough to show that the trial judge found that the appellants did not make the motion in good faith. That was the decisive thing for he had no jurisdiction to decide whether or not the regulation was valid and deny the motion simply because he was of that opinion. Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834. The question of good faith involved whether the appellants, and that term in this connection includes their attorneys, really believed that the Emergency Court of Appeals would, if the complaint was filed, hold the regulations invalid. That, of course, depended to a large extent upon how its probable action should be predicated in view of what it had already decided in Heinz v. Bowles, Em.App., 150 F.2d 546; Armour & Co. v. Bowles, Em.App., 148 F.2d 529; Oswald & Hess v. Bowles, Em. App., 148 F.2d 543, 546 and any other cases involving similar issues. It was fair and reasonable to assume that there would be enough consistency in decision as to make such cases a sound basis for prediction. While the trial judge made no formal, direct finding of lack of good faith he did say when denying the motion in arrest of judgment, "If this Court had jurisdiction, the Court would hold that regulation was constitutional, and in fact the Court of Appeals has upheld this very regulation."

We take this as a sufficient indication, under the circumstances, that the court, holding itself to be without jurisdiction to decide as to the validity of regulation, did not deny the motion on that ground but held that the appellants could not, in view of what they knew the Emergency Court of Appeals had already decided, have made their motion in the belief that the regulation was invalid. Consequently, the motion lacked the element of good faith required by the statute. While that does have

to be spelled out of the record as a whole, we think it does appear clearly enough to preclude us from holding that the denial of the motion has been shown erroneous.

Judgment affirmed.