**John CAPPIELLO,
Petitioner–Appellant,**

v.

**Robert HOKE, Superintendent, Eastern Correctional Facility, and The State of New York, Respondents–Appellees.**

**No. 1366, Docket 88–2060.**

United States Court of Appeals,
Second Circuit.

Argued July 20, 1988.

Decided July 20, 1988.

Bennett M. Epstein, New York City (Isabelle A. Kirshner, Epstein & Kirshner, New York City, of counsel), for petitioner-appellant.

Michael Gore, Asst. Dist. Atty., Brooklyn, N.Y. (Elizabeth Holtzman, Dist. Atty. for Kings County, Barbara D. Underwood, Asst. Dist. Atty., Brooklyn, N.Y., of counsel), for respondents-appellees.

Before ALTIMARI and MAHONEY, Circuit Judges, and KORMAN, District Judge. *

PER CURIAM.

Petitioner-appellant John Cappiello appeals from an order of the United States District Court for the Eastern District of New York (Reena Raggi, *Judge*) dismissing his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. In his habeas petition, filed in the district court on January 26, 1987, Cappiello challenged his New York State court conviction on felony-murder charges. Cappiello asserted that he was denied his federal constitutional rights under the fourth, fifth and sixth amendments to the U.S. Constitution. Specifically, Cappiello argued, *inter alia*, that various inculpatory statements he made to the police should have been excluded from his state trial because they were the product of an illegal detention in violation of the fourth amendment and that these same statements were the product of excessive coercion and thus were obtained in violation of his fifth, sixth and fourteenth amendment rights.

In a lengthy and thorough opinion, Judge Raggi disposed of each of his claims, holding, *inter alia*, that he was not entitled to habeas relief on his fourth amendment

* Honorable Edward R. Korman, District Judge, United States District Court for the Eastern District of New York, sitting by designation.

claims since he was afforded a full and fair opportunity to litigate those claims in the state courts, *see Stone v. Powell,* 428 U.S. 465, 481–82, 96 S.Ct. 3037, 3046, 49 L.Ed.2d 1067 (1976); *McPhail v. Warden, Attica Correctional Facility,* 707 F.2d 67, 69 (2d Cir.1983); *Gates v. Henderson,* 568 F.2d 830, 836–37 (2d Cir.1977) (in banc), ·*cert. denied,* 434 .U.S. 1038, 98 S.Ct. 775, 54 L.Ed.2d 787 (1978), and that he was not entitled to relief on his fifth, sixth and fourteenth amendment claims because his inculpatory statements were not coerced, but, rather, were voluntarily made to the police.

Having considered the various arguments Cappiello presents in the instant appeal, we affirm the decision of the district court substantially for the reasons set forth in Judge Raggi's excellent opinion.

Affirmed.