Rick S. UDZINSKI, Petitioner,

v.

Walter P. KELLY, Superintendent, Attica Correctional Facility, Respondent.

No. CV 89–3587.

United States District Court, E.D. New York.

April 11, 1990.

---

Rick S. Udzinski, Attica, N.Y., pro se.

James Catterson, Suffolk County Dist. Atty. by Kerriann Kelly, Riverhead, N.Y., for respondent.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Petitioner Rick S. Udzinski ("Udzinski" or "petitioner"), appearing *pro se*, petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, petitioner's application is denied.

## BACKGROUND

Udzinski was arrested on March 29, 1986, outside his residence in Centereach, New York. He had met up with a sixteen-year old girl the night before, visited a bar with her, and then returned with her to the house in which he had been living in a rented room. It was at the house that Udzinski physically and sexually assaulted the girl multiple times, apparently because she would not consent to have sex with him. In addition, petitioner assaulted his landlord's son with a wooden rail during the violence which ensued. Both the landlord and his son assisted the girl and attempted to restrain petitioner.

In April, 1986, a Suffolk County Grand Jury indicted petitioner on the charges of attempted aggravated assault, sexual abuse in the first degree and three counts of assault in the second degree. On December 5, 1986, he was convicted at a jury trial of sexual abuse in the first degree, assault in the second degree and assault in the third degree. Petitioner was thereafter adjudicated a prior felony offender and sen-

tenced to consecutive indeterminate sentences of imprisonment of three and one half to seven years on the first two charges and a concurrent definite sentence of one year on the last charge. The mandatory surcharge of one hundred dollars was also assessed. On April 17, 1989, the conviction was affirmed by the Appellate Division, Second Department. Leave to appeal to the New York Court of Appeals was subsequently denied.

Currently, Udzinski petitions the Court for a writ of habeas corpus based on ineffective assistance of trial counsel. More specifically, based on this ground petitioner asserts that his trial counsel failed to: (1) object to a jury charge that altered the theory of prosecution to one which the petitioner was not indicted on; (2) request an intoxication instruction; (3) object to the trial court's refusal to charge the lesser included offense of assault in the third degree under a recklessness theory; (4) impeach the state's key witness; (5) request a self-defense charge with respect to one count in the indictment; and (6) object to the prosecutor's summation.

Respondent contends that the current petition should be dismissed on various grounds. First, it is asserted that petitioner failed to exhaust the remedies available to him in the state court system. Second, respondent argues that petitioner's procedural default in the state court system precludes this Court from entertaining the petition. Lastly, it is asserted that petitioner's claims must fail on the merits.

For the reasons stated below, this Court holds that although petitioner has exhausted state remedies, Udzinski's non-compliance with state procedural rules bars this Court from considering five of the six claims in the petition. Nevertheless, all of petitioner's contentions in support of the asserted ground are without merit. As a preliminary matter, the Court will address the issue of exhaustion of state remedies.

I. *Exhaustion of State Remedies*

■ A federal court may grant a writ of habeas corpus only when a petitioner has exhausted the available remedies in the state court system. 28 U.S.C. § 2254(b). The petitioner must have "fairly presented" every one of his federal claims to the highest state court possible. *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Castille v. Peoples,* 489 U.S. 346, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989); *Daye v. Atty. Gen. of New York,* 696 F.2d 186, 191 (2d Cir. 1982) (en banc), *cert. denied,* 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984). In order to have "fairly presented" federal claims to the state court, the petitioner must have informed the state court of both the factual and legal premises of claims asserted in the federal petition. *Twitty v. Smith,* 614 F.2d 325 (2d Cir.1979). If any material factual allegations are omitted, the state court has not had a fair opportunity to rule on the claim.

■ Likewise, the petitioner must have placed before the state court the "substantial equivalent" of the legal doctrine asserted in the federal petition. *Daye,* 696 F.2d at 192 (citations omitted). Furthermore, a federal district court is precluded from entertaining a "mixed" habeas corpus petition, i.e., one that includes both exhausted and unexhausted claims. *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

Respondent argues that Udzinski failed to exhaust his state remedies with respect to claims two, three, four and six of his petition. The state maintains that because these four issues were not brought to the appellate division on direct appeal, the movant has failed the "same claim" requirement enunciated by the Supreme Court in *Picard v. Connor,* 404 U.S. at 275–76, 92 S.Ct. at 512–13. *See also Daye,* 696 F.2d at 191. Therefore, respondent suggests that such a mixed petition must be dismissed unless petitioner opts to withdraw the unexhausted assertions. *Rock v. Coombe,* 694 F.2d 908 (2d Cir.1982), *cert. denied,* 460 U.S. 1083, 103 S.Ct. 1773, 76 L.Ed.2d 345 (1983).

■ This Court agrees that petitioner did not fairly present each claim to the appellate division; however, petitioner did

fairly present every claim to the New York Court of Appeals.[1] *Meeks v. Bergen*, 749 F.2d 322, 329 (6th Cir.1984); *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3rd Cir. 1984); *see also Roberts v. LaVallee*, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967). A petitioner may "fairly present" a claim in a procedurally defective manner, and inasmuch as this Court concludes that ineffectiveness of counsel is a question of law pursuant to the sixth amendment, all claims were fairly presented to the highest state court possible. Consequently, state remedies having been exhausted, the Court will now address the procedural default doctrine as it relates to the instant petition.

## II. *Procedural Default*

■ When a petitioner commits a procedural error in the state court which precludes state review of a federal constitutional question, the doctrine of procedural forfeiture prohibits federal habeas corpus review unless the petitioner can demonstrate adequate justification excusing the procedural error as well as a showing of prejudice resulting from an alleged constitutional violation. *Wainwright v. Sykes*, 433 U.S. 72, 86–87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Reed v. Ross*, 468 U.S. 1, 11, 104 S.Ct. 2901, 2907, 82 L.Ed.2d 1 (1984). In other words, absent "cause and prejudice," a procedural default bars consideration of claims in the federal habeas court. *Id.*

■ Generally, then, a district court is barred from considering a habeas corpus petition where the issues raised were *not* reviewed, but could have been, either on direct appeal from the judgment of conviction or on a post-judgment motion in the court of original jurisdiction. *Forman v. Smith*, 633 F.2d 634 (2d Cir.1980), *cert. denied*, 450 U.S. 1001, 101 S.Ct. 1710, 68

L.Ed.2d 204 (1981); *Cappiello v. Hoke*, 698 F.Supp. 1042 (E.D.N.Y.), *aff'd*, 852 F.2d 59 (2d Cir.1988). The rule prevents a defendant from disregarding state procedures with the expectation that his constitutional claims can be presented to a federal court at some future date. *Reed v. Ross*, 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984).

■ Recently, in *Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989), the Supreme Court announced a new rule with respect to habeas corpus petitions. The Court declared that a procedural default precludes habeas corpus review "only if the last state court rendering a judgment in the case ... 'clearly and expressly states' that its judgment rests on [the] state procedural bar." 109 S.Ct. at 1043 (quoting *Caldwell v. Mississippi*, 472 U.S. 320, 327, 105 S.Ct. 2633, 2638, 86 L.Ed.2d 231 (1985) (citation omitted)). *Harris* delineates the only occasion in which a federal court may dismiss a writ of habeas corpus on the grounds of procedural error *when* the last state court renders a judgment on the same claim presented to the federal court. However, *Harris* does not provide the sole instance in which a federal court may dismiss a writ of habeas corpus on the grounds of procedural default.[2]

In order for the *Harris* rule to apply, the last state court rendering a judgment must have had an opportunity to pass upon the same issues presented to the federal court. Otherwise, a federal court would be unable to dismiss a habeas corpus petition on procedural grounds without an express statement from the highest state court having discretion to hear the claim. In other words, the rule set forth in *Harris* must apply only to claims presented in the last state court that renders a judgment thereon—not to the last state court where the claims were "fairly presented." Thus, in the instant case, the last state court which

---

1. Pursuant to § 470.35 of New York's Criminal Procedure Law, the court of appeals has discretion to hear "any question of law involving alleged error or defect in the criminal court proceedings resulting in the original criminal court judgment, sentence or order, regardless of whether such question was raised, considered or determined upon the appeal to the intermediate appellate court." *Id.*

2. For example, the rule is inapplicable where the state court was not presented with the claim being reviewed in federal court. *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989).

rendered a judgment was the appellate division. When the New York Court of Appeals denied leave to appeal, it was presented with petitioner's claims but did not render a judgment thereon. *See Rahming v. Kelly,* No. 89–2620, 1989 WL 101919 (S.D. N.Y. Aug. 28, 1989) (LEXIS, Genfed library, Dist file); *United States v. Mayfair Meat Packing Corp.,* 158 F.2d 685, 686 (2d Cir.1947).

To hold otherwise would allow federal courts to disregard volumes of meritorious state procedural case law, inundate the already overcrowded dockets of federal courts with frivolous habeas corpus petitions, and allow a petitioner to flout state procedural rules to his tactical advantage. Thus, *Harris* must be viewed in light of the rationale espoused in prior Supreme Court decisions, namely, that defense counsel may not ignore state procedural rules and then turn to a federal forum to avoid the consequences of that conduct. *See, e.g., Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Reed v. Ross,* 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984).

■ In order to comport with New York's procedural rules, each of petitioner's contentions of illegality must be reviewed by way of direct appeal or by a proceeding pursuant to § 440.10 of New York's Criminal Procedure Law ("CPL") in the court of conviction. *People ex rel. Nelson v. Scully,* 119 A.D.2d 709, 501 N.Y. S.2d 123 (2d Dep't 1986); *Diotte v. Fahey,* 97 A.D.2d 653, 469 N.Y.S.2d 191 (2d Dep't 1983). Udzinski procedurally defaulted with respect to four of the six contentions now before this Court due to his failure to present them on direct appeal.[3] However, petitioner was able to exhaust state remedies by presenting his allegations to the highest court in the state with the discretion to address his claims, the New York Court of Appeals.[4]

Because the last court rendering a judgment—the appellate division—was not presented with petitioner's second, third, fourth and sixth claims, *Harris* does not apply to those claims, and this Court is procedurally barred from reviewing them absent cause and prejudice. *Forman v. Smith,* 633 F.2d 634 (2d Cir.1980), *cert. denied,* 450 U.S. 1001, 101 S.Ct. 1710, 68 L.Ed.2d 204 (1981); *Cappiello v. Hoke,* 698 F.Supp. 1042 (E.D.N.Y.1988), *aff'd,* 852 F.2d 59 (2d Cir.1988). Consequently, a cause and prejudice analysis must be undertaken with respect to those claims so as to determine, even in light of the procedural default, whether they must be considered by this Court on their merits.

■ Applying further the principles set forth above to the case at bar, *Harris* is applicable to the first and fifth grounds alleged in the petition. With respect to movant's first contention, that defense counsel was ineffective due to his failure to object to the jury charge which differed from the charge in the indictment, the appellate division clearly and expressly stated that the petitioner's claim "was not properly preserved for appellate review." *People v. Udzinski,* 146 A.D.2d 245, 541 N.Y.S.2d 9, 11 (2d Dep't 1989). Thus, pursuant to *Harris,* the Court is procedurally barred from examining the merits of this claim absent cause and prejudice.

■ As to petitioner's fifth contention, which asserts ineffective assistance due to his attorney's failure to request a justification charge, the appellate court concluded that "[t]he defendant's remaining contentions ... are, in large part, not preserved for appellate review." *Id.* 541 N.Y.S.2d at 21. Thus, under *Harris,* the Court may review the merits of this claim. *Carroll v. Hoke,* 721 F.Supp. 446 (E.D.N.Y.1989). Therefore, after a brief general discussion of the standards to be applied to a claim of

---

**3.** § 440.10 of the New York CPL provides a mechanism by which a conviction can be collaterally attacked on the basis of errors committed at trial. The motion, however, must be denied when the defendant "unjustifiabl[y] fail[s] ... to raise such ground or issue upon an appeal actu-

ally perfected by him." N.Y.Crim.Proc.Law § 440.10(2)(c).

**4.** The exhaustion doctrine only requires a petitioner to fairly present his claim at least once on direct or collateral review. *Fielding v. Le-Fevre,* 548 F.2d 1102, 1106 (2d Cir.1977).

ineffective assistance of counsel, the Court will first address petitioner's fifth contention.

## III. Ineffectiveness of Trial Counsel in General

Paramount to a court's determination of a claim of ineffective assistance of trial counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To sustain a claim of ineffective assistance the petitioner must satisfy a two-prong test. First, petitioner must show that counsel's performance was "professionally unreasonable," and second, that counsel's "deficient performance" prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 691, 694, 104 S.Ct. at 2066, 2068. A defendant must overcome the "strong presumption that counsel's conduct" was reasonable under the circumstances. *Id.* at 689, 104 S.Ct. at 2065. The Court will now apply these standards to the fifth ground in the petition.

### Claim 5: Failure of Counsel to Request a Jury Charge of Self Defense

In *People v. Goetz*, the New York Court of Appeals enunciated the following two part test with respect to the use of force: first, it must be determined whether the defendant believed force was necessary to avert the use of imminent force; and second, in light of all the circumstances, whether a reasonable person would have had those beliefs. 68 N.Y.2d 96, 506 N.Y. S.2d 18, 497 N.E.2d 41 (1986).

The record before the Court suggests that petitioner herein was the initial aggressor, thus precluding the use of this defense. Moreover, no reasonable view of the evidence would support petitioner's contention that he was justified in striking a weaponless victim multiple times with a wooden rail. Accordingly, the Court finds that the necessary elements of the justification defense under New York law were not present, hence defense counsel's failure to object cannot be deemed ineffective assistance of counsel. Petitioner has failed to show either deficient performance or prejudice with respect to this claim. The Court having rejected this ground on the merits, as noted above, the remaining claims, as to which petitioner procedurally defaulted, must be subjected to a cause and prejudice analysis.

## IV. Cause and Prejudice in General

A defendant may not obtain habeas corpus relief absent a showing of cause and prejudice when there has been a failure to abide by a state's procedural rules.[5] *Reed v. Ross*, 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984). Petitioner may establish cause by proving the procedural default in the state court was due to the ineffective assistance of trial counsel under the two pronged performance and prejudice test of *Strickland*, 466 U.S. at 686, 104 S.Ct. at 2063.[6]

Absent ineffective assistance:

"the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule", as for example where "the factual or legal basis for a claim was not reasonably available to counsel," or where some official interference made compliance impracticable.

*Cappiello v. Hoke*, 698 F.Supp. 1042, 1052 (E.D.N.Y.), *aff'd*, 852 F.2d 59 (2d Cir.1988) (quoting *Murray v. Carrier*, 477 U.S. 478,

---

**5.** In "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent," the court may grant the writ with respect to a defaulted claim without a showing of cause and prejudice. *Murray v. Carrier*, 477 U.S. 478, 496,

106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). This is clearly not the case in the petition at bar.

**6.** "Attorney error short of ineffective assistance of counsel does not constitute cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 492, 106 S.Ct. 2639, 2647, 91 L.Ed.2d 397 (1986).

488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)). The petitioner must also establish prejudice. It is understood that a procedural error is prejudicial only if the claim is meritorious. *Cappiello,* 698 F.Supp. at 1052.

*Claim 1: Failure to Object to the Jury Charge*

Petitioner argues that the trial judge altered the theory of prosecution by allowing the jury to convict him of sexual abuse in the first degree based upon the finding that the crime was accomplished by the threat of force, even though the indictment specified that actual force was used. Petitioner asserts that such an instruction violated his right to a fair trial in that it differed significantly from the theory of the crime charged in the indictment. The state appellate court held that "any error in this regard was not properly preserved for appellate review." *People v. Udzinski,* 146 A.D.2d 245, 541 N.Y.S.2d 9 (2d Dep't 1989). Therefore, as noted above, pursuant to *Harris v. Reed,* this Court is procedurally barred from addressing this claim absent cause and prejudice. 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989).

In *Cole v. Arkansas,* the Supreme Court reiterated that "[n]o principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge ... are among the constitutional rights of every accused...." 333 U.S. 196, 201, 68 S.Ct. 514, 517, 92 L.Ed. 644 (1938). Pursuant to New York's Criminal Procedure Law, an indictment must contain, *inter alia,* a "plain and concise factual statement ... which ... asserts facts supporting every element of the offense charged." N.Y.Crim.Proc.Law § 200.50(7)[a] (McKinney 1982). The sexual abuse count in the indictment herein charged that: "[t]he defendant, on or about March 29, 1986, in Suffolk County, subjected [the victim] to sexual contact by means of forcible compulsion, by grabbing her breasts and beating her about the body."

■ Clearly, the indictment in this case fulfilled the statutory and constitutional requirements of fair notice of the accusations against petitioner. As the state appellate court noted, "a variance between the allegations contained in the indictment and the evidence presented at trial does not constitute reversible error unless ... it can be inferred that the defendant was surprised, misled, or otherwise prejudiced at trial." *People v. Udzinski,* 146 A.D.2d 245, 541 N.Y.S.2d 9, 20 (2d Dep't 1989). Such modification or variance is "subject to the harmless error rule and require[s] a showing of prejudice to the defendant." *United States v. Weiss,* 752 F.2d 777, 787 (2d Cir.), *cert. denied,* 474 U.S. 944, 106 S.Ct. 308, 88 L.Ed.2d 285 (1985). The appellate court concluded, and this Court agrees, "that there is no possibility at all that this error affected the jury's verdict." *People v. Udzinski,* 146 A.D.2d 245, 541 N.Y.S.2d 9, 20 (2d Dep't 1989).

Clearly the prosecutor relied upon theories and evidence that were "fairly embraced in the charges made in the indictment." *United States v. Garguilo,* 554 F.2d 59, 63 (2d Cir.1977) (citations omitted). Petitioner has failed to establish that his attorney's conduct was "professionally unreasonable" or that he would have been victorious absent this error and, therefore, has failed to establish cause or prejudice for the procedural default.

## V. *Applying Cause and Prejudice to Petitioner's Remaining Contentions*

■ Petitioner perfected his appeals *pro se,* thus, the procedural default with respect to the four remaining claims which were not presented to the appellate division on direct appeal can only be attributed to his own ignorance or strategy, and neither is sufficient to establish cause. *See Cappiello v. Hoke,* 698 F.Supp. 1042, 1052 (E.D.N.Y.), *aff'd,* 852 F.2d 59 (2d Cir.1988). Petitioner has failed to demonstrate or even allege cause for the procedural error with respect to these claims. Therefore, since petitioner cannot establish cause, there is no need to address the issue of prejudice. However, even assuming cause could be shown, for the reasons discussed below, this Court finds that petitioner's

contentions would fail on the merits, and therefore no prejudice exists.

### A. Claim 2: Failure to Object to the Intoxication Charge

Petitioner claims he was denied effective assistance of counsel as a result of his trial counsel's failure to object to the jury charge of intoxication. Under New York law, the trial judge must instruct the jury that the defendant's alleged intoxication may only be considered to "negative an element of the crime charged." N.Y.Penal Law § 15.25 (McKinney 1987).

■ As to Udzinski's claim, the trial judge instructed the jury as follows: "I charge you that if you find that the defendant was intoxicated at the time in question, then you must determine what effect, if any, this voluntary intoxication ... had on his ability to perform a specific intent with respect to the crimes allegedly committed by him ... [a]ny intoxication, not mere total intoxication, may be considered by you in determining if the defendant possessed the required intent to commit these specified crimes in the indictment." (Trial Transcript at 556–558). The charge was consistent with New York law and proper in all respects, thus, defense counsel's alleged failure cannot be deemed ineffective assistance of counsel.

### B. Claim 3: Failure to Object to the Refusal to Include a Lesser Included Offense Instruction

■ A lesser included offense instruction must be given to a jury when: "(1) it is theoretically impossible to commit the greater crime without committing the lesser and (2) a reasonable view of the evidence would permit the jury to find that the defendant had committed the lesser, but not the greater, offense." *Rice v. Hoke*, 846 F.2d 160, 165 (2d Cir.1988) (citations omitted); *Carroll v. Hoke*, 721 F.Supp. 446 (E.D.N.Y.1989). With respect to the first tier of this analysis, the New York Court of Appeals has articulated that:

> where the elements of the lesser offense (i.e., result and underlying conduct) are identical with the requisite elements of

the greater crime and the only thing that differs between the two crimes is the culpable mental states, the CPL definition of "lesser included offense" is nevertheless satisfied since the lower forms of mental culpability are necessarily subsumed within the higher mental states.

*People v. Green*, 56 N.Y.2d 427, 452 N.Y. S.2d 389, 393, 437 N.E.2d 1146, 1150 (1982). Pursuant to this rationale, petitioner satisfies the first prong of the two part test.

The second step in this analysis focuses on whether a reasonable view of the evidence could support a finding that the petitioner committed assault in the third degree and not assault in the second degree. N.Y.Penal Law §§ 120.00(2), 120.05(2) (McKinney 1987). Petitioner suggests that the lesser charge should have been included in light of his alleged intoxication. The evidence, however, viewed in a light most favorable to the petitioner, fails to establish the element of recklessness required for a conviction of assault in the third degree. In fact, petitioner's own testimony negates the necessary element of recklessness. (Trial Transcript at 397, 423–24).

■ Regardless, petitioner was convicted of the greater offense, and it cannot be said that a change in the jury instruction would have affected the outcome. Given the overwhelming evidence against petitioner, if there was any error, it was harmless. Consequently, petitioner was not denied effective assistance of counsel with respect to this ground.

### C. Claim 4: Failure of Counsel to Impeach Key Witness

■ Petitioner further claims that defense counsel was ineffective because he failed to make proper use of the victim's inconsistencies regarding the point in time at which the crime occurred. However, it is clear after reviewing the trial transcript that counsel did in fact exercise his professional judgment and skills to impeach the credibility of the state's key witness.

Defense counsel thoroughly cross-examined the witness, used the grand jury minutes to attack what he believed were incon-

sistencies in her testimony, questioned her motive for not testifying truthfully, and raised issues of possible alcohol or marijuana consumption to impeach her perception of the events. Therefore, since petitioner is entitled to "reasonably effective assistance," and counsel's performance exceeded this standard under *Strickland*, petitioner has shown neither deficient performance nor prejudice for the Court to determine any ineffective assistance with respect to this claim. *See Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064.

### D. Claim 6: Failure to Object to the Prosecutor's Summation

In *Darden v. Wainright*, the Supreme Court reiterated the standards for determining whether a prosecutor's summation deprived a criminal defendant of his right to a fair trial. 477 U.S. 168, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986). There the Court ruled that "[t]he relevant question is whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" 477 U.S. at 181, 106 S.Ct. at 2471 (citation omitted).

It is to be likewise noted that counsel, in summation, is entitled to " 'the widest latitude by way of comment, denunciation or appeal in advocating his cause.' " *People v. Ashwal*, 39 N.Y.2d 105, 383 N.Y. S.2d 204, 206, 347 N.E.2d 564, 566 (2d Dep't 1976) (citation omitted). The prosecutor's summation must be viewed against the background of defense counsel's statements in that arguments advanced by the latter may be responded to by the former. *United States v. Armedo–Sarmiento*, 545 F.2d 785 (2d Cir.1976), *cert. denied*, 430 U.S. 917, 97 S.Ct. 1330, 51 L.Ed.2d 595 (1977). The court must consider several factors in deciding whether the summation was a denial of petitioner's due process rights, including: "the severity of the misconduct; the measures adopted to cure the misconduct; and the certainty of conviction absent the improper statements." *United States v. Modica*, 663 F.2d 1173, 1181 (2d Cir.1981), *cert. denied*, 456 U.S. 989, 102 S.Ct. 2269, 73 L.Ed.2d 1284 (1982).

Petitioner alleges that in summation the prosecutor: (1) inferred that petitioner was lying; (2) misquoted defense counsel thus inflaming the jury; and (3) commented on evidence or testimony that was not before the court. Upon a thorough review of the record, this Court concludes that petitioner's allegations are without merit. When viewed against the background of defense counsel's assertions, the prosecutor's comments were proper and did not extend beyond the bounds of fairness. Most, if not all, of the challenged remarks were made in response to defense counsel's prior statements. Thus the Court cannot conclude that the prosecutor's comments constituted misconduct, and therefore petitioner's allegation that his attorney's failure to object constituted ineffective assistance is without merit.

### CONCLUSION

A federal court must be careful not to impose itself on the legitimate independent spheres of influence of the state court. *See Reed v. Ross*, 468 U.S. 1, 10–11, 104 S.Ct. 2901, 2907, 82 L.Ed.2d 1 (1984). In the interest of comity, the Court rests its rulings primarily on petitioner's procedural error, even though further examination revealed that each of petitioner's claims was without merit.

As explained above, petitioner has procedurally defaulted with respect to five of his six claims. Furthermore, petitioner has failed to establish that his counsel was constitutionally ineffective, therefore, no cause or prejudice can be sustained. With respect to the single claim the petitioner presented in the procedurally proper manner, this Court finds it to be without merit. Accordingly, the petition for a writ of habeas corpus is hereby denied.

SO ORDERED.