■ In the Matter of GRACE POWELL, on Behalf of Herself and Her Infant Child, Petitioner, v JAMES R. VAN ALSTYNE, as Commissioner of the Columbia County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Ulster County) to review a fair hearing determination of the Commissioner of the New York State Department of Social Services which discontinued a grant of Aid to Families with Dependent Children (AFDC) to petitioner and her infant child. Petitioner Grace Powell and her minor child, Justin, were in receipt of AFDC from the Columbia County Department of Social Services. The local agency discontinued assistance to petitioner and her son. Petitioner was notified of the action on September 19, 1979. The notice stated: "As per investigation by this Department you are residing with your husband who is fully employed, and therefore you are not eligible to Aid to Dependent Children [*sic*] and the above action is necessary." At a fair hearing, an agency representative testified that she checked at the address listed by petitioner as her residence and petitioner's mother who lived there indicated that petitioner did not reside with her. She also made inquiry of several neighbors in the area who verified that petitioner did not live with her mother. Petitioner's sister-in-law told the representative that petitioner had lived for a year at 237 Warren Street where her fully employed husband also resided. Petitioner was seen coming from and going to the Warren Street address with laundry and groceries. Notes of an agency

representative indicated that petitioner made conflicting statements as to the paternity of her child, claiming that the child was fathered by her husband, then contending that it was the child of an unknown man, and most recently, that her brother-in-law was its father. The representative also checked with the Department of Motor Vehicles as to petitioner's car registration and found it too bore the Warren Street address. Petitioner submitted a registration indicating her mother's address which was dated four days before the hearing. She also testified that her husband was not supporting her, that he was divorcing her but the present status of the case was unknown to her, and that she and her child lived with her mother. The commissioner concluded that credible evidence established that petitioner's husband was gainfully employed and able to support petitioner and her child and that the action of the local agency in discontinuing the grant of AFDC was correct. The commissioner found the testimony of petitioner not to be credible and held that it is presumed that her husband is the father of the child. Petitioner claims that she was denied due process because the notice of intent to discontinue did not timely and adequately notify her of reasons for the proposed termination in that it failed to enumerate the specific regulation that supported its action. We find the argument totally irrelevant where, as here, petitioner was informed in a lucid and understandable statement of the reason for the commissioner's action. Her aid was discontinued for the most basic of reasons, that is, that a fully employed husband has the obligation to support his wife and child. Petitioner also contends that the decision was not supported by substantial evidence because it was based on hearsay testimony. We disagree. The sources of information used here, although by way of hearsay, lead probatively and logically to the conclusion of noneligibility. Substantial evidence supports the finding. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.