■ In the Matter of MARLENE DIOTTE, Petitioner, v JOHN FAHEY, as Commissioner of the Albany County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Commissioner of Social Services which directed budgeting of the income of petitioner's former husband against the needs of their three children. Petitioner is the recipient of public assistance in the form of aid to dependent children on behalf of her three children and a granddaughter. On December 1, 1981, she was advised that the Albany County Department of Social Services had concluded that, because petitioner's former husband was sharing her living quarters in the City of Cohoes, it would be necessary to budget his income against the needs of their three children and to seek recoupment of any overpayments. Petitioner requested a fair hearing after which the State Commissioner of Social Services sustained the determination of the Albany County Department of Social Services. Petitioner then commenced this CPLR article 78 proceeding raising the single issue of whether that determination is supported by substantial evidence. Petitioner contends that there is a lack of substantial evidence for the reason that the evidence presented at the fair hearing was largely, if not entirely, hearsay. Information, although constituting hearsay evidence, may, however, provide substantial evidence if that evidence leads probatively and logically to the conclusion of noneligibility (see, e.g., *Matter of Powell v Van Alstyne,* 85 AD2d 854, 855). This court's function in reviewing the substantiality of the evidence upon which an administrative agency has acted is to exercise a genuine judicial function and not to confirm a determination merely because it was made by such an agency (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 181). However, an agency's assessment of the credibility of witnesses and the inferences to be drawn from the evidence presented are conclusive if supported by substantial evidence (see *Matter of Di Maria v Ross,* 52 NY2d 771, 772; *Matter of Shook v Blum,* 80 AD2d 679, 680), and we must review the entire record to determine whether there is a rational basis in it for the findings of fact supporting the agency's decision (see *Matter of Pell v Board of Educ.,* 34 NY2d 222, 231; Siegel, NY Prac, § 560, p 783). Reviewing the record with these principles in mind leads us to conclude that the decision must be reversed. The evidence presented by the commissioner's witnesses at the fair hearing involved, for the most part, revelations made to them by a variety of individuals, some identified, some not, which were clearly spawned in most instances by speculation, surmise and conjecture. It was not the type of hearsay that leads probatively and logically to the conclusion of noneligibility (see *Powell v Van Alstyne, supra*). Arrayed against this evidence was the testimony of petitioner's several witnesses who positively stated that petitioner's husband, while ofttimes a visitor in the area, never lived at petitioner's residence in Cohoes. Moreover, perhaps the most damaging evidence presented

by the commissioner, i.e., that petitioner's husband had listed petitioner's residence as his address with the unemployment insurance office, was countered by a seemingly reasonable and logical explanation. In sum, within the whole record there was a lack of proof of such quality and quantity which would generate conviction in and persuade a fair and detached fact finder that, from that proof presented as a premise, the conclusion reached by respondents could be extracted reasonably, probatively and logically (*300 Gramatan Ave. Assoc. v State Div. of Human Rights, supra,* p 181). Nor did the record provide a rational basis for the findings of fact supporting the agency's decision (*Matter of Pell v Board of Educ., supra*). Accordingly, the determination must be annulled. Determination annulled, with costs, and matter remitted to the Albany County Department of Social Services for further proceedings not inconsistent herewith. Sweeney, J. P., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.