**Julian B. RODRIGUEZ,
Petitioner-Appellee,**

v.

**Dan V. McKASKLE, Acting Director,
Texas Department of Corrections,
Respondent-Appellant.**

**No. 83–1450
Summary Calendar.**

**United States Court of Appeals,
Fifth Circuit.**

**Feb. 6, 1984.**

**As Modified on Denial of Rehearing
April 16, 1984.**

---

"A Yes.

Charles A. Palmer, Asst. Atty. Gen., Austin, Tex., for respondent-appellant.

Lucien B. Campbell, Public Defender, San Antonio, Tex., for petitioner-appellee.

Before CLARK, Chief Judge, RUBIN and JOLLY, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

The habeas corpus petitioner in this case has not, under the test of *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), and *Picard v. Connor,* 405 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), exhausted his state remedies. Therefore, although an evidentiary hearing has been held in federal district court, and the district judge has granted the writ, we are forbidden to examine the merits of the petition, and we must dismiss the federal action.

Following a 1974 indictment, Julian B. Rodriguez was convicted by a Texas jury of burglary after a two-day jury trial. In the punishment phase of the bifurcated trial, the court held Rodriguez liable for enhanced punishment as a habitual criminal and imposed a mandatory life sentence. Rodriguez unsuccessfully appealed, then four times sought habeas corpus from the Texas court, all to no avail. Thereafter, he filed an unsuccessful habeas action in federal court. He later filed this action asserting three grounds:

1. His prior convictions in two Texas cases should not have been used to enhance his conviction and their use constituted double jeopardy.

2. His guilty plea in a third state action was involuntary because he was not properly admonished as to the range of punishment.

3. He received ineffective assistance of counsel in the 1974 burglary case.

The state moved to dismiss the federal proceeding on grounds other than non-exhaustion stating "petitioner appears to have exhausted his available state remedies." In the pro se proceeding in state court, Rodriguez had stated as one ground for habeas relief,

The court appointed counsel did not subpoena any witnesses or (sic) did he file any kind of motions, in the case at Bar which imposes prejudice on the Petitioner, and can result in nothing other than ineffective assistance of counsel to the Petitioner at trial and prior thereto.

The state court interpreted this statement to mean that Rodriguez was contending that his court-appointed lawyer was ineffective at the trial. It held no evidentiary hearing and did not address the specific reasons alleged. Commenting on an issue unrelated to the trial counsel's alleged failure to subpoena witnesses or to file motions, it said that neither of the lawyers who represented Rodriguez was incompetent; no human could forecast what the Texas Court of Criminal Appeals might do; and "Thus, in my estimation, Julian has not really stated a case for raising the issue of whether his two attorneys are incompetent or not."

The magistrate to whom this case was referred decided that the first two charges made by Rodriguez were the same issues that had been held to be without merit in the prior federal proceeding. He found it necessary, however, to hold an evidentiary

hearing on the alleged ineffectiveness of counsel.

Following the federal evidentiary hearing, the state filed a supplemental motion to dismiss raising the issue that Rodriguez had failed to exhaust state remedies. The magistrate held that the issues in the federal proceeding had been presented to the state court by Rodriguez's allegations, including the charge that his lawyer failed to file motions or to subpoena any witnesses: "The issue of ineffectiveness of counsel was squarely presented to the state court which declined the opportunity to fully and fairly consider the matter." The magistrate, whose recommendations were adopted by the district court, then made the following findings of fact, none of which are based on matters that appeared in the state court record but each of which he found to be supported by the evidence adduced at the federal hearing.

1. Court-appointed counsel in the 1974 Texas case met with Rodriguez only two or three times prior to trial.

2. The lawyer erroneously advised Rodriguez that a 1956 prior conviction was "too old to be used for enhancement."

3. At the first discussion, Rodriguez told his lawyer that he had an alibi defense.

4. The lawyer never explored or investigated this defense. He never interviewed the alibi witness (Rodriguez's aunt), although she could have corroborated part of Rodriguez's story.

5. The lawyer did not obtain the services of an investigator.

6. The only discovery conducted by the lawyer was acquisition of the offense report and inspection of the prosecutor's file.

7. The lawyer did not see the documentary proof of prior convictions for enhancement until a couple of days before trial. He did not discuss the validity of those prior convictions with Rodriguez or examine the records to see whether the prior convictions were in order.

8. The lawyer did not interview the complainant who made an in-court identification of the accused, he did not go to view the scene of the crime, he did not seek leads to alibi witnesses, he did not interview the officer in charge of the investigation, and the only person with whom he discussed the photo lineup procedure in the case was the prosecutor. He failed to investigate a second eyewitness to the flight of the suspects who was referred to in the complaining witness's statement.

9. The lawyer thus failed to learn that another suspect had been caught by the officers in the general area where the perpetrators had been seen to flee. This did not come out at the trial and the lawyer had no knowledge of it until the evidentiary hearing.

10. The lawyer failed to give any meaningful, useful advice as to whether to accept the state's plea bargain offer of a fifteen-year sentence.

11. The lawyer never went over witnesses' testimony with the accused, he never discussed the photo of Rodriguez used for a photo lineup, and he never went over the "pen packets" with Rodriguez. He failed to hold any meaningful discussion of the decision as to whether Rodriguez would testify, not even after the state had already brought out the fact that Rodriguez had a prior record.

12. The lawyer put Rodriguez's sister on the stand to testify with inadequate preparation.

In addition the magistrate found that Rodriguez had furnished the lawyer with leads to character witnesses who could have been useful at the guilt or sentencing phase of the trial and requested counsel to use the subpoena process to secure the attendance of one of them. The lawyer did not do so, and therefore had no mitigating evidence to

present at the punishment hearing. This was at least partly adverted to in the state court petition by the recital: "The court appointed counsel did not subpoena any witnesses."

The magistrate recommended the writ be granted "because petitioner received ineffective assistance of counsel for all of the reasons heretofore stated" (which included several other matters not listed above but shown in the state court trial record). None of these facts was mentioned by the Texas habeas court in denying habeas. The district court adopted the magistrate's recommendation.

A state prisoner must exhaust all available state remedies before he can obtain federal habeas relief. 28 U.S.C.A. § 2254(b). "To have exhausted his state remedies, a habeas petitioner must have fairly presented the substance of his claims to the state courts." *Vela v. Estelle,* 708 F.2d 954, 958 (5th Cir.1983) (citation omitted). "Normally, the exhaustion requirement is not satisfied if a petitioner presents new legal theories or entirely new factual claims in his petition to the federal court." *Id.* (citations omitted). Here, as in *Vela,* there is no dispute that the alleged sixth amendment violation and its underlying legal theories were presented to the state habeas court. Here, as in that case, "the only dispute ... is over those instances of alleged substandard conduct cited in this appeal," and not charged in the state court petition.

"This court has normally refused to review on habeas entirely new factual claims never presented to the state habeas court." *Id.* (citations omitted), citing *inter alia Burns v. Estelle,* 695 F.2d 847 (5th Cir.), on which the state principally relies, and also citing *Brown v. Estelle,* 701 F.2d 494 (5th Cir.1983); *Hart v. Estelle,* 634 F.2d 987 (5th Cir.1981); and *Knoxson v. Estelle,* 574 F.2d 1339 (5th Cir.1978).

*Vela* was distinguishable from *Burns* because

*all* the instances of ineffective assistance alleged in Vela's supplemental brief to this Court were contained in the trial record reviewed by the state habeas court when it denied Vela's original petition. This petition argued ineffective assistance on the basis of counsel's entire performance. The petition cited the entire record below, singling out for comment certain strikingly prejudicial errors.... The state court's findings ... indicate that the court carried out its own independent analysis of counsel's performance.

*Vela v. Estelle, supra,* 708 F.2d at 959 (emphasis in original).

*Vela* and the cases it cited represent the law of the circuit. We, therefore, dismiss the petition because the essential facts on which the claim of ineffective counsel rests have not been presented to the state court. None of the twelve important fact-findings was mentioned in the petition for state court relief. It is impossible to separate consideration of these from the less numerous matters that had at least arguably been presented to the state court and were also relied on by the magistrate as the basis to recommend issuance of the writ.

Because, in most cases state courts faithfully enforce the constitutional rights of accused persons, the vast majority of habeas claims presented to federal district courts are found to be without merit. Data obtained from the Federal Judicial Center contained the following information concerning applications for habeas corpus by state prisoners in the statistical year ended June 30, 1983: 7888 applications for the writ were disposed of, but judgments for the petitioner were entered in only a small number of them; 3867 were dismissed, transferred, or terminated by consent judgment; 3711 were decided by pretrial motion, but in only 154 of these was judgment rendered for the plaintiff or partial relief given the plaintiff. In the 102 cases that went to trial, 20 resulted in a verdict for the petitioner. Thus, in less than 3% of the cases—174 out of 8176—was a judgment entered for the petitioner.[1]

1. The result could not be determined from

available data in 496 cases. There is no reason

The evidence in this case has been fully presented to a federal court and the issues have been briefed on appeal. The only issue the state court could consider is whether the federal constitutional requirement of counsel has been abridged. The non-exhausted issue was raised for the first time at trial, and the state promptly objected. The objection was overruled and the issue was tried. Now that the case has been tried, a decision on the merits would eliminate the need for further effort by the state judicial system, reduce further litigation expense, avoid delay, and eliminate the possible need for later federal judicial review. But the State is entitled under the statute to its objection, and we, therefore grant it.

Therefore, we DISMISS the petition for failure to exhaust state remedies.

to assume that this group of cases would reflect a different percentage of successful plaintiffs.