Derrick **SANFORD**, Petitioner,

v.

Daniel A. **SENKOWSKI**, Superintendent, Clinton Correctional Facility, Respondent.

No. CV 90–4128.

United States District Court, E.D. New York.

May 20, 1992.

Derrick Sanford, pro se.

Denis Dillon, Nassau County Dist. Atty. by Judith R. Sternberg, Mineola, N.Y., for respondent.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Petitioner *pro se*, Derrick Sanford ("petitioner" or "Sanford"), an inmate at the Clinton Correctional Facility in Dannemora, New York, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Daniel Senkowski, Superintendent of the Clinton Correctional Facility, is named as respondent. For the reasons stated below, Sanford's petition is dismissed.

## BACKGROUND

Following a jury trial, petitioner was convicted of one count of assault in the first degree and two counts of criminal possession of a weapon in the third degree. On October 19, 1983, he was adjudicated a second felony offender and was sentenced to concurrent indeterminate prison terms of seven and one half to fifteen years for the assault conviction and two to four years for each of the weapon possession convictions.

A motion to vacate the convictions pursuant to § 440.10 of New York's Criminal Procedure Law ("§ 440.10") was denied on April 25, 1984 by the Nassau County Court. Leave to appeal to the New York Supreme Court, Appellate Division, Second Department, from the Nassau County Court's order was denied on December 28, 1984.

On June 9, 1986, the convictions were unanimously affirmed by the Appellate Division, Second Department. *People v. Sanford*, 121 A.D.2d 483, 504 N.Y.S.2d 11 (2d Dep't 1986). Leave to appeal to the New York Court of Appeals was thereafter denied. *People v. Sanford*, 68 N.Y.2d 773, 506 N.Y.S.2d 1057, 498 N.E.2d 159 (Ct.App. 1986).

Petitioner filed a second motion pursuant to § 440.10 in Nassau County Court. That motion was denied on September 26, 1986 and leave to appeal to the Appellate Division was denied on May 11, 1987.

Presently, Sanford petitions this Court for a writ of habeas corpus on the grounds that: (1) he was deprived of effective assistance of counsel, and (2) his constitutional right to counsel was violated when the trial court refused his request for substitute counsel.

## DISCUSSION

Generally, before a federal court may grant a writ of habeas corpus, a petitioner must first exhaust all available remedies in the state court system. 28 U.S.C. § 2254(b), (c), *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Daye v. Attorney Gen. of New York*, 696 F.2d 186, 191 (2d Cir.1982) (en banc), *cert. denied*, 464 U.S. 1048, 104 S.Ct.

723, 79 L.Ed.2d 184 (1984). The exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and [to] prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982) (citation and footnote omitted). Thus, a petitioner seeking to upset his state conviction must first give the state courts a fair opportunity to pass upon his federal claims. *Picard*, 404 U.S. at 275, 92 S.Ct. at 512; *Daye*, 696 F.2d at 191. In order to have fairly presented his claims to the state courts, a petitioner must have informed the state courts of both the factual and legal premises of the claims he asserts in the federal court. *Daye*, 696 F.2d at 191.

■ Moreover, a petitioner may not present a "mixed petition," i.e., one that contains both exhausted and unexhausted claims. *Rose*, 455 U.S. at 510, 102 S.Ct. at 1199. A federal district court is precluded from entertaining a habeas corpus petition that includes unexhausted claims, *id.* at 515, 102 S.Ct. at 1201 (citation omitted), leaving the petitioner with the choice of abandoning those claims and proceeding in federal court with the exhausted claims or returning to the state courts to exhaust his presently unexhausted claims. *Rock v. Coombe*, 694 F.2d 908, 914 (2d Cir.1982), *cert. denied*, 460 U.S. 1083, 103 S.Ct. 1773, 76 L.Ed.2d 345 (1983). The Court finds that Sanford's petition for a writ of habeas corpus presents such a "mixed petition."

As stated, Sanford presents two grounds in support of his petition. He claims that: (1) he was deprived of effective assistance of counsel; and (2) his constitutional right to counsel was violated when the trial court refused his request for substitute counsel. In a memorandum of law accompanying the petition, Sanford bases his claim of ineffective assistance of counsel on four grounds. He contends that he received ineffective assistance because his trial attorney: (1) failed to request a pretrial Huntley hearing; (2) failed to lay a proper foundation for the introduction of documentary evidence; (3) failed to object when a police officer vouched for the credibility of a witness; and (4) was unsure as to whether he had any objection to the admission of an alleged statement made by the petitioner regarding his physical condition after he was arrested. Also alleged, although not specifically enumerated, are contentions that defense counsel (1) improperly stipulated to the introduction of petitioner's grand jury testimony; and (2) failed to call a defense witness.

Respondent argues that Sanford's petition must be dismissed because he has not presented to the state courts several of the allegations underlying his claim of ineffective assistance. This Court agrees with regard to Sanford's allegations that defense counsel (1) failed to lay a proper foundation for the introduction of documentary evidence; and (2) failed to object when a police officer vouched for the credibility of a witness. These allegations appear for the first time in Sanford's present petition.

■ Evaluated individually, Sanford's allegations of ineffective assistance might not amount to a due process violation. Rather, a claim of ineffective assistance of counsel can turn on the cumulative effect of all of counsel's alleged actions. *Rodriguez v. Hoke*, 928 F.2d 534, 538 (2nd Cir. 1991). Thus, in order for this Court to reach the merits of petitioner's claim of ineffective assistance of counsel, all of his allegations must have been presented to the state courts, allowing them the "opportunity to consider *all* the circumstances and cumulative effect of the claims as a whole." *Id.* at 538 (emphasis added) (citing *Grady v. LeFevre*, 846 F.2d 862, 865 (2d Cir.1988)).

■ Petitioner's unexhausted claim is distinguishable from one where only supplemental evidence is added. In *Vasquez v. Hillery*, 474 U.S. 254, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986), the Supreme Court held that supplemental evidence, presented for the first time by the parties at the request of the federal district judge, did not fundamentally alter the prisoner's underlying claim that the state trial judge had improperly refused to quash an indictment that was issued by a grand jury from which

blacks had been systematically excluded. Thus, the Supreme Court rejected the warden's contention that the supplemental evidence rendered the claim unexhausted. *Vasquez*, 474 U.S. at 260, 106 S.Ct. at 621–22. In the present petition, although Sanford previously raised the claim of ineffective assistance in the state courts, the additional allegations underlying that claim amount to more than supplemental evidence because a claim of ineffective assistance can hinge on any one allegation or on the cumulative effect of all of the allegations. *Rodriguez*, 928 F.2d at 538.

■ Respondent also argues that petitioner's allegation that trial counsel failed to call a defense witness should be dismissed because, although it was raised on direct appeal[1] it was never raised in a § 440.10 motion. This Court disagrees. In order to comport with New York's procedural rules, each of petitioner's contentions must be reviewed either by direct appeal *or* by way of a § 440.10 motion. *Udzinski v. Kelly*, 734 F.Supp. 76, 81 (E.D.N.Y.1990) (citing *People ex rel. Nelson v. Scully*, 119 A.D.2d 709, 501 N.Y.S.2d 123 (2d Dep't), *appeal denied*, 69 N.Y.2d 602, 512 N.Y.S.2d 1025, 504 N.E.2d 395 (Ct.App. 1986); *Diotte v. Fahey*, 97 A.D.2d 653, 469 N.Y.S.2d 191 (3d Dep't 1983)). Thus, the exhaustion doctrine requires only that a petitioner present his claim once on direct or collateral review. *Id.* at n. 4 (citing *Fielding v. LeFevre*, 548 F.2d 1102, 1106 (2d Cir.1977)). In addition, the Court finds that each of petitioner's other allegations of ineffective assistance of counsel as well as his claim that he was deprived of his right to substitution of counsel have been exhausted in the state courts.

## CONCLUSION

For the foregoing reasons, this Court finds that petitioner has failed to exhaust all available state remedies with respect to his claim of ineffective assistance of counsel. Accordingly, petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed at this time. Leave to refile before this Court is granted only after petitioner exhausts his unex-hausted claim in the state courts or on condition that petitioner, within sixty days of the date of this order, in writing to this Court, unequivocally abandons the unexhausted allegations.

SO ORDERED.