**Barry BURBANK, Petitioner,**

v.

**Michael MALONEY, Respondent.**

**No. CIV. A. 98–11275–WGY.**

United States District Court, D. Massachusetts.

April 29, 1999.

Barry Burbank, Bridgewater, MA, pro se.

L. Scott Harshbarger, Attorney General's Office, Kenneth E. Steinfield, Office of the Attorney General, Criminal Bureau, Boston, MA, for Respondent.

## MEMORANDUM AND ORDER

YOUNG, Chief Judge.

### I. Introduction

Barry Burbank ("Burbank") petitions this Court for habeas corpus relief pursuant to 28 U.S.C. § 2254. Burbank contends that his convictions for second degree murder and assault and battery with a dangerous weapon in the Massachusetts Superior Court sitting in and for the County of Hampden violated his state and federal constitutional rights. Specifically, he asserts that the use by the trial judge of the "moral certainty" definition of proof beyond a reasonable doubt violated his right to due process. He also asserts that he was deprived of effective assistance of

appellate counsel in violation of the Sixth Amendment and the due process clause of the Fourteenth Amendment.

## II. *Background*

On February 3, 1981, a jury in the Hampden County Superior Court convicted Burbank of first degree murder, assault with intent to murder, and assault and battery with a dangerous weapon. On April 15, 1983, the Supreme Judicial Court reversed those convictions because the trial judge failed properly to instruct the jury on self-defense. *See Commonwealth v. Burbank*, 388 Mass. 789, 448 N.E.2d 735 (1983). A second trial ended in a mistrial on November 21, 1983. Following a third trial, on May 16, 1984, a jury convicted Burbank of murder in the second degree and assault and battery with a dangerous weapon. On May 21, 1984, Justice John F. Moriarty, who presided over Burbank's third trial, sentenced him to life imprisonment and a concurrent term of eight to ten years.

On December 31, 1986, Burbank (through counsel) filed a Motion for Post-conviction Relief seeking a new trial pursuant to Mass. R.Crim. P. 30. On April 1, 1987, after a three day evidentiary hearing, Justice Moriarty denied the motion. On March 8, 1989, the Massachusetts Appeals Court affirmed both the conviction and the denial of the motion for a new trial. *See Commonwealth v. Burbank*, 27 Mass.App.Ct. 97, 534 N.E.2d 1180 (1989). On June 9, 1989, the Supreme Judicial Court denied Burbank's Request for Further Appellate Review. *See Commonwealth v. Burbank*, 405 Mass. 1201, 541 N.E.2d 344 (1989) (table).

On November 3, 1995, Burbank (pro se) filed a second Motion for a New Trial in which he claimed for the first time that the instructions to the jury on reasonable doubt violated his state and federal constitutional rights of due process and that he had been deprived of the effective assistance of appellate counsel. On November 14, 1995, Justice Moriarty denied this mo-

tion. On November 3, 1997, the Appeals Court affirmed that denial, ruling that the claims had been waived because they had neither been preserved at trial nor raised in the first motion and review of waived claims was inappropriate under *Commonwealth v. Miranda*, 22 Mass.App.Ct. 10, 21 n. 22, 490 N.E.2d 1195 (1986). On December 29, 1997, the Supreme Judicial Court denied Burbank's second Request for Further Appellate Review (the "second request"). *See Commonwealth v. Burbank*, 426 Mass. 1106 (1997) (order). On June 25, 1998, Burbank filed this habeas petition.

## III. *Discussion*

■ A federal court will not entertain a petition for habeas relief unless the petitioner has fully exhausted his or her state remedies with respect to each and every claim contained in the petition. *See Adelson v. DiPaola*, 131 F.3d 259, 261 (1st Cir.1997). The exhaustion principle ensures that state courts have the first opportunity to correct their own constitutional errors. *See Mele v. Fitchburg Dist. Court*, 850 F.2d 817, 819 (1st Cir.1988). In order to fulfill the exhaustion requirement, the petitioner must have presented his or her federal claims to the state's highest tribunal within "the four corners" of his or her application for further appellate review. *Adelson*, 131 F.3d at 263. "It is not enough merely to raise an issue before an intermediate court; one who seeks to invoke the federal habeas power must fairly present—or do his best to present—the issue to the state's highest tribunal." *Mele*, 850 F.2d at 820. The petitioner bears the "heavy" burden of showing the fair presentation of the federal claim to the highest state court. *See Nadworny v. Fair*, 872 F.2d 1093, 1098 (1st Cir.1989).

■ Each and every claim in Burbank's petition must satisfy the exhaustion requirement. *See Adelson*, 131 F.3d at 261. Moreover, since a petitioner has only fairly presented a claim of ineffective assistance of appellate counsel when he has identified

to the state courts all of the examples of allegedly substandard performance which he later sets forth in his habeas petition, *see Rodriguez v. McKaskle,* 724 F.2d 463, 466 (5th Cir.1984), this Court addresses his ineffective assistance claims seriatim.[1]

A. *Claim One: Appellate Counsel Ineffective for Not Arguing Malice Instruction*

■ Burbank contends that he expressed his first claim—that his appellate counsel failed to argue that the malice instruction violated his right to due process—to the Appeals Court and then, albeit worded differently, to the Supreme Judicial Court. *See* Pet. Mem. at 4. Relying on *Scarpa v. DuBois,* 38 F.3d 1, 7 (1st Cir.1994), he argues that by presenting his claim to the Massachusetts Appeals Court, it is presumed that the Supreme Judicial Court was apprised of these claims. *See* Pet. Mem. at 4.

Burbank's argument that his second request fairly presented to the Supreme Judicial Court any issue on which the Massachusetts Appeals Court had passed, notwithstanding his failure to list such claims as points for review, has been explicitly rejected. *See Mele,* 850 F.2d at 821. *Commonwealth v. Burno,* 396 Mass. 622, 487 N.E.2d 1366 (1986), the case upon which the *Mele* petitioner relied to make Burbank's argument, "does [not] presume ... to relieve an applicant of the customary burden of staking out the bounds of his displeasure with a judicial decision." *Mele,* 850 F.2d at 821. Unless the request purports to question a ruling below, the Supreme Judicial Court has little reason to suspect the presence of an issue ripe for its consideration. *See id.* Moreover, *Adelson,* decided after *Scarpa,*

reiterated *Mele*'s contention that "the decisive pleading is the application for further appellate review." *Adelson,* 131 F.3d at 263. The relevant section of the brief Burbank submitted to the Supreme Judicial Court was entirely bereft of reference to the malice instruction.[2] For these reasons, the Court concludes that Burbank has not exhausted his due process claim with respect to the malice instruction.

B. *Claim Two: Appellate Counsel Ineffective For Not Arguing Self-Defense and Manslaughter Instructions.*

For the reasons stated above, this Court concludes that Burbank has not exhausted the claim of ineffective counsel arising from his failure to argue the self-defense and manslaughter instructions because he did not present it to the Supreme Judicial Court.

C. *Claim Three: Consciousness of Guilt Instruction*

■ In his second request to the Supreme Judicial Court, Burbank presented the consciousness of guilt instruction as an issue. He claimed that his appellate counsel was ineffective for not arguing that it was a miscarriage of justice for the trial justice to instruct the jury that leaving the scene of a crime ('flight') evinced consciousness of guilt, *see* App. Vol. 2, Ex. 14 at 7, but Burbank did not *argue* this issue in his brief. In contrast, his habeas petition consciousness of guilt instruction claim contains much more substance (factually and legally) than the claim presented in the second request. Burbank now claims that this instruction (1) erroneously

---

1. The Commonwealth does not argue that Burbank failed to exhaust his first two habeas claims regarding the "moral certainty" language in the reasonable doubt instruction. This Court, therefore, holds that Burbank has exhausted his two claims regarding the use of the phrase "moral certainty" in the reasonable doubt instruction as Burbank presented

these claims to the Supreme Judicial Court. *See* App. Vol. 2, Ex. 14, 10–18.

2. The only ineffective counsel claim actually argued to the Supreme Judicial Court involved appellate counsel's failure to argue suppression of evidence. *See* App. Vol. 2, Ex. 14 at 18–19.

deprived him of his right to any reasonable doubt and relieved the Commonwealth of its required burden of proof; (2) shifted burdens; (3) was incomplete and erroneous; (4) included comments on testimony unfavorable to Burbank; (5) failed to include comments favorable to him; (6) was prejudicial as it directed an inference against Burbank and cut off serious debate about his defense theory by including "fled from the scene" as consciousness of guilt; and (7) reflected disbelief in Burbank. *See* Pet. Mem. at 34–46.

Burbank relies on *Scarpa,* 38 F.3d at 7, for the proposition that he need only make an explicit reference to 'ineffective counsel' to exhaust a Sixth Amendment claim. The *Scarpa* court, however, was careful to distinguish the facts there presented from those of *Mele* (also similar to the facts in this case). *Mele* involved a petitioner who raised issues before the intermediate appellate court, abandoned them in the request for further appellate review, and then attempted to raise them anew in the habeas petition. *See id.* n. 3. In contrast, the *Scarpa* petitioner alleged the same principal shortcomings on counsel's part in his pleadings and memoranda at all three post-trial stages of the state court system and couched his claims in terms that remained largely unchanged. *See id.* at 6. *Scarpa* also stated that in order to satisfy exhaustion concerns, a petitioner must inform the state court of both the factual and legal underpinnings of the claim. *See id.*

Unlike the *Scarpa* petitioner, Burbank only presented one of the seven sub-parts of the consciousness of guilt claim to the Supreme Judicial Court, and did not argue any aspect of it at all. Because Burbank presented this issue in a much more limited manner to the Supreme Judicial Court, that court cannot be held to have addressed all the factual and legal underpinnings of his claim. *See Rodriguez,* 724 F.2d at 466; *Sanford v. Senkowski,* 791 F.Supp. 66, 68 (E.D.N.Y.1992) (dismissing petition because petitioner had not pre-

sented to the state courts several of the allegations underlying his claim of ineffective trial counsel). Under these circumstances, this Court concludes that Burbank has not exhausted his due process claim with respect to all aspects of the consciousness of guilt instruction.

### D. *Claim Four: Failure to Instruct on Unknown Exit*

■ As he did with one sub-part of the consciousness of guilt instruction, Burbank included this claim in his issues presented to the Supreme Judicial Court but he neither argued it in his brief nor cited any case law to support it. *See* App. Vol. 2, Ex. 14 at 9. Burbank contends that by presenting and arguing this issue to the Appeals Court, supported there by four federal cases, and by presenting the ineffective counsel claim to the Supreme Judicial Court, he has exhausted this claim. *See* Pet. Mem. at 6.

Burbank again relies on *Scarpa,* which rejected a "crabbed" reading of *Mele. See Scarpa,* 38 F.3d at 7 n. 3. *Scarpa* also states, however, while facts and legal theories need not be propounded in precisely the same terms, "fair presentation requires that constitutional analysis necessary to resolve [the issue] . . . be substantially the same" in the petition and in the state court proceedings. *Id.* at 6. *Adelson,* decided after *Scarpa,* reiterated *Mele*'s observation that the decisive pleading is the application for further appellate review. *See Adelson,* 131 F.3d at 262. In addition, *Scarpa* involved a petitioner who cited no federal law but consistently presented and argued the same issues, whereas this case involves a petitioner who has argued neither the factual or legal bases for his claim to the state's highest court. Because Burbank did not present the legal and factual underpinnings of this claim to the Supreme Judicial Court in his second request for review, this Court rules that he has not exhausted this claim.

### E. *Claim Five: Cumulative and Combined Effects of the Errors*

■ Because Burbank made no claim to the Supreme Judicial Court regarding the cumulative and combined effects of errors cited in his second request, he has not exhausted this claim. Moreover, by not presenting to the Supreme Judicial Court all of the claims presented in this petition, any type of cumulative or combined claim now before this Court remains unexhausted. *See Sanford,* 791 F.Supp. at 68. "In the present petition, although [petitioner] previously raised the claim of ineffective assistance in the state courts, the additional allegations underlying that claim amount to more than supplemental evidence because a claim of ineffective assistance can hinge on any one allegation or on the cumulative effect of all of the allegations." *Id.* at 69.

### III. *Conclusion*

■ For the foregoing reasons, this Court holds that Burbank has failed to satisfy the exhaustion requirement with respect to his claims of ineffective assistance of appellate counsel, but he has fulfilled the exhaustion requirement for his two claims regarding reasonable doubt. The Supreme Court has ruled, however, that "a district court must dismiss habeas petitions concerning both unexhausted and exhausted claims." *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

Accordingly, this Court GRANTS the Commonwealth's motion to dismiss Burbank's petition for habeas corpus. Burbank retains both the option of returning to state court to exhaust the claims of ineffective counsel, or of amending his petition to proceed solely on his claims regarding the reasonable doubt instruction. *See id.* at 510, 102 S.Ct. 1198.