John M. McCAMBRIDGE, Petitioner,

v.

Timothy HALL, Superintendent, Respondent.

Civil Action No. 99–12059–WGY.

United States District Court,
D. Massachusetts.

Sept. 8, 1999.

John M. McCambridge, Norfolk, MA, pro se.

Cathryn A. Neaves, Attorney General's Office, Boston, MA, for Timothy Hall.

*MEMORANDUM AND ORDER*

YOUNG, Chief Judge.

I. *Introduction.*

John M. McCambridge ("McCambridge") petitions this Court for habeas corpus relief pursuant to 28 U.S.C. § 2254. Convicted of manslaughter on January 20, 1995, McCambridge is currently serving a sentence of fifteen to twenty years in state prison. In his petition (the "Petition"), McCambridge contends that his detention is unlawful because the Massachusetts Superior Court (1) admitted in evidence unlawfully seized clothing that substantially and adversely influenced the jury's verdict, (2) failed to instruct the jury on the defense of necessity, and (3) the prosecutor improperly withheld material exculpatory evidence. *See* Pet. at ¶ 12. Timothy Hall ("Respondent"), through counsel, has moved to dismiss the Petition because, Respondent argues, McCambridge did not exhaust his state court avenues of relief with respect to ground one of the Petition. *See* Resp. Mot. to Dismiss at 1. If this Court accepts his argument, Respondent contends that the Court will be faced with a mixed petition subject to dismissal in its entirety.

II. *Factual Background.*

In November 1993, a Suffolk County grand jury indicted McCambridge for first degree murder, unlawful possession of a firearm, operating a motor vehicle after revocation of license, operating a motor vehicle under the influence of alcohol, and operating a motor vehicle to endanger. *See* Resp. Supp. Ans., Ex. 2. On January

20, 1995, a jury found McCambridge guilty on the lesser included offense of manslaughter, unlawful possession of a firearm, operating under the influence, and operating to endanger. *See id.* The jury found McCambridge not guilty of operating after revocation. *Id.* On January 25, 1995, McCambridge was sentenced to a term of fifteen to twenty years in state prison for the manslaughter conviction and to a concurrent term of three to five years for the unlawful possession conviction. *Id.*

McCambridge appealed his convictions to the Massachusetts Appeals Court, raising the following issues for review: (1) "The trial court erroneously denied the defendant's motion to suppress physical evidence by relying on material not produced at the evidentiary hearing,"; (2) "The trial court violated the defendant's state and federal constitutional rights by failing to charge on necessity,"; and (3) "The trial court erred by not requiring [the victim's] criminal record to be made part of the record, and the prosecutor may have violated the defendant's state and federal due process rights by not disclosing that record." Resp. Supp. Ans., Ex. 1 at 26, 28, 31. In a Supplementary Brief and Appendix, McCambridge raised the issue of whether the trial court violated his constitutional rights by denying his motion to dismiss the indictments due to an alleged withholding of exculpatory evidence from the grand jury. *See id.*, Ex. 2 at 1.

The Appeals Court affirmed McCambridge's manslaughter conviction, but reversed his conviction for unlawful possession of a firearm, reasoning that the trial justice should have instructed the jury on the defense of necessity with respect to the count for unlawful possession. *See Commonwealth v. McCambridge,* 44 Mass.App. Ct. 285, 291, 690 N.E.2d 470 (1998). McCambridge filed an application for leave to obtain further appellate review with the Supreme Judicial Court on March 5, 1998. He presented the following issues for review: (1) whether the Appeals Court improperly concluded that the admission of illegally seized items in evidence was harmless error; (2) whether the Commonwealth bears "the burden of showing that an item which was on the defendant's person before he became unconscious was legally obtained"; (3) whether "the trial court's erroneous failure to charge on necessity as to the gun offense impact[ed] the murder indictment and self-defense claim by leading the jury to believe that the defendant's use of the gun was, as matter of law, unlawful and improper"; and (4) whether "the prosecutor violate[d] the defendant's state and federal due process rights in the manner in which he withheld the alleged victim's record and exploited that issue." Resp. Supp. Ans., Ex. 8 at 5–6.

The Supreme Judicial Court denied McCambridge's application for further review on March 27, 1998. *See id.* at Ex. 10. McCambridge filed this petition for habeas corpus relief on January 11, 1998.

## III. *Discussion.*

This Court recently set forth the standard for reviewing dismissal motions in the habeas context that are premised on an alleged failure to exhaust:

A federal court will not entertain a petition for habeas relief unless the petitioner has fully exhausted his or her state remedies with respect to each and every claim contained in the petition. *See Adelson v. DiPaola,* 131 F.3d 259, 261 (1st Cir.1997). The exhaustion principle ensures that state courts have the first opportunity to correct their own constitutional errors. *See Mele v. Fitchburg Dist. Court,* 850 F.2d 817, 819 (1st Cir. 1988). In order to fulfill the exhaustion requirement, the petitioner must have presented his or her federal claims to the state's highest tribunal within "the four corners" of his or her application for further appellate review. *Adelson,* 131 F.3d at 263. "It is not enough merely to raise an issue before an intermediate court; one who seeks to invoke the federal habeas power must fairly

present—or do his best to present—the issue to the state's highest tribunal." *Mele,* 850 F.2d at 820. The petitioner bears the "heavy" burden of showing the fair presentation of the federal claim to the highest state court. *See Nadworny v. Fair,* 872 F.2d 1093, 1098 (1st Cir. 1989).

*Burbank v. Maloney,* 47 F.Supp.2d 159, 161 (D.Mass.1999).

Respondent contends that McCambridge failed adequately to present ground one of the Petition to the Supreme Judicial Court for review. In his application for further appellate review, McCambridge offered two arguments concerning the use of certain clothing items in evidence. First, he argued that the unlawful seizure and admission in evidence of the clothing was not, as the Appeals Court determined, harmless error with respect to his manslaughter conviction. *See* Resp. Supp. Ans., Ex. 8 at 6–9. Second, he argued that the trial justice improperly found facts outside the motion to suppress hearing record in denying the motion to suppress. *See id.* at 11–12. Respondent contends that both of these claims were grounded in the right to be free from unreasonable searches and seizures and, as such, are not cognizable on habeas review. *See Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). To the extent, if any, that McCambridge presented a Fifth Amendment due process claim, as opposed to a Fourth Amendment search and seizure claim, Respondent argues that it was restricted to the narrow contention that the trial judge reviewed facts outside of the motion to suppress hearing record. *See* Resp. Supp. Ans., Ex. 8 at 6–12. This, Respondent contends, is a factually and legally distinct claim from that which McCambridge now presses.

 ▮ McCambridge responds to this argument by seeking leave to amend the Petition to clarify ground one of his prayer for relief. As amended, McCambridge's ground one would read:

The Commonwealth of Massachusetts has denied the petitioner an opportunity for fair litigation of his claim that the erroneous admission into evidence of his clothing at trial substantially and injuriously influenced the jury's verdict and so prejudiced his rights to due process of law and to a fair trial in that the petitioner is not guilty of the crime of which he stands convicted, and would not have been convicted were it not for the prejudicial purposes to which the state prosecutor put the petitioner's unlawfully seized clothing at trial, and in that the petitioner's conviction was affirmed on state appeal only on the basis of an unreasonable determination of the facts in light of the evidence presented at the petitioner's trial, where this same clothing evidence was key to his unjust conviction.

Pet. Mot. for Leave to Amend at 1–2. As McCambridge himself notes, "this re-formulation of his Ground one claim merely clarifies what he always intended to state as his claim here. [Namely, that] his state conviction was upheld through the entire state appellate process only on the basis of 'an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Id.* at 2.

Essentially, McCambridge argues that his Petition challenges as a denial of due process not simply the Superior Court's failure to exclude unlawfully seized evidence, but rather the Appeals Court's subsequent harmless error determination. *See* Pet. Supp. Opp. ("[W]hen the Appeals Court ... further held that the trial court's error was harmless error beyond a reasonable doubt ... the Massachusetts courts *[t]herein* created an issue over which this Court does have jurisdiction"). McCambridge undoubtedly presented the issue of the harmless error determination to the Supreme Judicial Court in his application for further appellate review. *See* Resp. Supp. Ans. Ex. 8 at 6–9. Thus, McCambridge argues that the Appeals Court's harmless error determination con-

stituted a denial of due process that was adequately presented to the Supreme Judicial Court and is therefore properly before this Court on the Petition.

This claim, while argued with sophistication and imbued with logical appeal, is contrary to First Circuit precedent. As Judge Gorton has noted,

> A state prisoner may obtain habeas relief only if he shows that his incarceration is in violation of a constitutional right. A state court's determination of harmlessness, even if incorrect, does not constitute a violation of a constitutional right. Such a determination is not independent of the underlying error. The analysis of harmless error by the state appellate court is part of that court's review of a defendant's claim that his conviction was improper because of the state trial court's failure to suppress evidence.
>
> . . .
>
> Review of a state court's determination of harmless error where the underlying error involves the Fourth Amendment is, for all practical purposes, the equivalent of reviewing a claimed Fourth Amendment violation. Were this Court to grant the relief sought, the result would be a new trial at which the evidence in question would be excluded. That is exactly what the Supreme Court in *Stone v. Powell* sought to prevent.

*Bastardo v. Marshall,* No. 93–40000, 1997 WL 667785, at *2 (D.Mass. Oct. 16, 1997) (Gorton, J.). Similarly, this Court would be in contravention of *Stone v. Powell* were it to allow McCambridge a renewed opportunity to litigate the harmless error issue. Thus, the motion to dismiss is ALLOWED with respect to ground one of the Petition.

■ Respondent next contends that the Petition should be dismissed in its entirety because it is a "mixed petition." *See* Resp. Mot. at 1. As the Supreme Court has ruled, "a district court must dismiss habeas petitions concerning both unexhausted and exhausted claims." *Rose v. Lundy,*

455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). In this case, however, the first ground of the Petition has been dismissed not because McCambridge failed to exhaust the claim in state court, but because the claim is merely a variation on McCambridge's Fourth Amendment argument that was resolved in state court and is nonreviewable on federal habeas review under *Stone v. Powell.* Thus, the Court DENIES Respondent's motion with respect to grounds two and three of the Petition.

### IV. *Conclusion.*

For the foregoing reasons, the motion to dismiss is ALLOWED in part and DENIED in part. This Court will entertain further memoranda of law from both parties addressing the merits of the second and third grounds of the Petition.

SO ORDERED.